Lurton, J.,
delivered the opinion of the court:
The plaintiff, at the time of his injury, was a brakeman upon a freight train, upon which train one Wiley Wright *278 "was engineer, and Doc White, fireman. They were all alike under orders and authority of the conductor, who, at the station of Concord, sent ky plaintiff an order to his engineer to-. take his engine and the two front cars, and go upon side track, and bring out a car there standing, and place it in the train, the plaintiff being ordered to aid in the switching. This order was given to the engineer, who, instead of executing it himself, told his fireman, one Doc White, to falce charge of engine, and go with defendant in error, and get out the car. While in the execution of this work plaintiff was thrown from the top of the moving train, by a sudden jerk, upon the track, and between the wheels of the car, which passed over and crushed his arm. It is insisted that the sudden and unnecessary jerking of the train was the cause of the accident, and that this jerking was due to the careless handling of the engine by Doc White, who was at the time in its charge.’
It is very clear that under the facts of this case, as they appear in this record, that defendant in error, McKeney, who was assisting in'this switching, and Doc White, who was in charge of the .engine, were fellow-servants, and that unless there is something further in the case, that defendant in error cannot recover against their common employer 'for an inj ury resulting from the negligence of said White. The -second count in plaintiff’s declaration undertakes to -meet this state of case by charging that said White was ’incompetent for the work he was then engaged in, 'and .that this incoinpetency was known to his employers, or should have been known by due diligence, and the case of defendant in error must stand or fall upon this question.
A careful examination discloses the fact that only two witnesses undertook to establish White’s inc'ompeteney— the defendant in error himself, and one hlountook. The first says that, in his judgment, White was not competent to do the work he undertook to do the ‘day of the accident, and gives, as a reason for this opinion,-that he had never *279 been given, entire charge of an engine, and promoted from grade of "braikeman to that of engineer. He further says 'that he had seen "White doing switching béforé, and had frequently seen him take the engine to the; round-house, and that he had never seen or heard of any carelessness or incompetency in the handling of his engine. It must be seen that this witness in ho way establishes incompetency. The other witness had worked as a brakeman on same train with White at time White was a brakeman, some five years before. He was asked whether; from his experience with him, he was competent to take charge of an engine, to which he answered “that he ivas not, at the time he worked with him five or six years ago.” This threw no light on the issue “whatever, for at that time White was a brakeman, and not a fireman, and at that time had had no experience whatever in the handling of an engine. This witness himself says that switching can be safely done by a fireman of some experience. The record shows clearly that White had had an experience of nearly two yéars as fireman, and had frequently been intrusted with switching and carrying engine to round-house, and the trainmen "who had worked with him unite in saying that, in their judgment, he was a competent man for the work intrusted to him. The proof is wholly. insufficient to establish White’s incompetency, and for this reason wé are unable to sustain the judgment of the circuit court.
We deem it unnecessary to pass upon the other questions raised by the.record. The judgment is accordingly reversed, and the ease remanded for a new trial.